UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALFREDO AVILA CRUZ,**<br>**A# 244 330 599, BY NEXT FRIEND,**<br>**MARIA D. SANCHEZ TORRES,** | § <br> § <br> § <br> § <br> § <br> § | |
| **Petitioner,** | § <br> § | |
| **v.** | § <br> § | **SA-26-CV-01066-JKP** |
| **WARDEN Karnes County Immigration**<br>**Processing Center, ET AL.,** | § <br> § <br> § <br> § | |
| **Respondents.** | § <br> § <br> § | |

**SHOW CAUSE ORDER**

Before the Court is a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by

Maria D. Sanchez Torres as "next friend" on behalf of Alfredo Avila Cruz. (ECF No. 1). Avila

Cruz is currently detained at the Karnes County Immigration Processing Center. (*Id.*). Upon

review, the Court orders Sanchez Torres, for the reasons stated herein, to show cause why the

Petition should not be dismissed.

The § 2241 Petition, which seeks Avila Cruz's release from detention, was filed on his

behalf by Sanchez Torres as "next friend." (ECF No. 1). Sanchez Torres is the wife of Avila Cruz.

(*Id.*). Next–friend standing is available only when the "real party in interest is unable to litigate his

own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore

v. Arkansas*, 495 U.S. 149, 165 (1990). The Court finds Sanchez Torres has not demonstrated

standing to initiate this action on behalf of Avila Cruz. (ECF No. 1).

Sanchez Torres does not state any basis supporting standing to initiate this action on behalf

of Avila Cruz other than their relationship. (*Id.*). Their marital relationship does not establish that

Avila Cruz is incompetent to initiate a habeas proceeding on his own behalf. *See Pressley ex rel.*

*Gakou v. Warden of Pike Cnty. Corr. Facility*, No. 25-cv-2160, 2025 WL 3232939, at *2 (M.D. Pa. Nov. 19, 2025) (finding that next friend lacked standing to assert claims on behalf of real party in interest suffering from "distress and confusion"). It cannot be said that Avila Cruz, by mere virtue of his detention, lacks access to this Court. He has the same access as other detainees who have filed petitions in this Court on their own behalf.

Importantly, even if Sanchez Torres could establish standing to bring this action as "next friend" on behalf of Avila Cruz, as a non–attorney she is prohibited from doing so. Section 1654 of Title 28 of the United States Code states that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). Courts have interpreted this provision to comprehensively list all the ways that a party may appear in federal court. *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (citing *Gonzales v. Sanchez Torres*, 157 F.3d 1016, 1021 (5th Cir. 1998)). Thus, under § 1654, "'a party can represent himself or be represented by an attorney,' because § 1654 says he can." *Id.* "On the other hand, he 'cannot be represented by a nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'" *Id.* In summary, "[i]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales*, 157 F.3d at 1021. This mandate applies even in the next–friend context, i.e., a "non–attorney cannot represent another party, even if acting as a next friend." *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (per curiam) (collecting cases); *see Painter v. U.S. Att'y Gen.*, No. 08-cv-99, 2008 WL 1883460, at *1 (E.D. Tex. Apr. 25, 2008) ("Jack Painter does not state he has been admitted to the bar of this or any other court. . . . As a result, the court may not consider a pleading filed by Jack Painter on behalf of Richard Painter."). Thus, Avila Cruz

2

may represent himself in this matter, but he may not be represented by Sanchez Torres, a non–attorney; rather, Avila Cruz must represent himself or obtain counsel. *See Raskin*, 69 F.4th at 283; *Gonzales*,   157 F.3d at 1021.

      **IT IS THEREFORE ORDERED** that **within fourteen (14) days of the date of this Order**, Maria D. Sanchez Torres must show cause why this case should not be dismissed.

      **If Maria D. Sanchez Torres fails to comply with this Order, the Petition may be dismissed without prejudice by this Court without further notice for want or prosecution and failure to comply with this Court's Order.** *See* **FED. R. CIV. P. 41(b).**

      **IT IS FURTHER ORDERED** that in addition to sending a copy of this Order to Alfredo Avila Cruz at the South Texas ICE Processing Center, the Clerk of Court shall send a copy of this Order to Maria D. Sanchez Torres by certified mail, return receipt requested, at the following address: 14322 Pine West Drive, Houston, Texas 77049.

      It is so **ORDERED**.


      SIGNED this 23rd day of February, 2026.


_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE